**Jeannette M. NORTON, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Defendant.**

**Civ. No. 84–0382 P.**

United States District Court, D. Maine.

July 18, 1985.

---

3. 700 F.2d 865 (2nd Cir.1983).

Robert J. Jacobs, York, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER REMANDING ACTION TO THE SECRETARY

GENE CARTER, District Judge.

This action is brought under section 205(g) of the Social Security Act [Act], 42 U.S.C. § 405(g), to review the final determination of the Secretary of Health and Human Services [Secretary], denying the Plaintiff's application for Supplemental Security Income [SSI]. Plaintiff filed an application for SSI on July 8, 1983, alleging an inability to work due to hypertension, depression, bursitis, and headaches. The application was denied initially and upon reconsideration. A *de novo* hearing was held on February 15, 1984, before a Social Security Administration administrative law judge [ALJ], and on May 25, 1984, the ALJ found that Plaintiff was not disabled within the meaning of the Act. On September 12, 1984, the ALJ's decision became the "final decision" of the Secretary upon its affirmance by the Appeals Council.

Plaintiff has exhausted her administrative remedies and moves for summary judgment. In the alternative, Plaintiff asks that this Court remand the matter back to the Secretary for consideration of new medical evidence submitted after the Appeals Council's decision. The Defendant has filed a motion for an order affirming her "final decision," together with a certified copy of the transcript of the entire record of the proceedings relating to Plaintiff's application, including the testimony and documentary evidence upon which the decision of the ALJ and Appeals Council were based.

The ALJ in this case determined that Plaintiff was not under a "disability" as defined in the Social Security Act, as amended, because he found Plaintiff did not suffer from any impairment or combination of impairments which imposed significant limitations upon her ability to perform basic work activities. The ALJ found that the Plaintiff suffered from the following medically determinable impairments: (1) status post cancer of the cervix, in remission; (2) vulvar itching; (3) muscle tension headaches; (4) a large ovarian cyst; and (5) mild panic attacks. The ALJ wrote "[t]he evidence fails to persuade me that any of these impairments imposes significant limitations upon the claimant's ability to perform ... basic work activities...." Tr. at 11.

In concluding that the combination of impairments from which Plaintiff suffered did not constitute a "severe" impairment, the ALJ applied Social Security Ruling 82–55, which he quoted in pertinent part as follows:

Inasmuch as a non-severe impairment is one which does not significantly limit basic work-related functions, neither will a combination of two or more such impairments significantly restrict the basic work-related functions needed to do most jobs. However, when a non-severe impairment is imposed upon a severe impairment, the combined effect of all impairments must be considered in assessing [residual functional capacity].

Tr. at 12. This policy states that in making the initial determination as to severity of impairment, the Secretary shall consider each impairment individually, but that in determining residual functional capacity once the severity requirement has been met, the impact of all impairments shall be considered. Following his quotation of the ruling above, the ALJ wrote: "[t]hus I am constrained to conclude that the claimant's impairments, considered in combination, also do not impose significant limitations upon her ability to perform basic work activities." Tr. at 12.

The Social Security Disability Benefits Reform Act of 1984 [Reform Act] enacts a new standard of review for cases involving multiple impairments. Section 4 of the Reform Act provides that, when a claimant has multiple impairments, none of which are individually severe enough to qualify the claimant for benefits, the Secretary shall consider the combined effect of the impairments in determining whether a claimant is disabled. 42 U.S.C. § 423(d)(2)(C). *See* 42 U.S.C. § 1382c(a)(3)(G), 20 C.F.R. § 416.923 (1985). The statute reversed the Secretary's prior policy regarding multiple impairments, which was applied by the ALJ in deciding this Plaintiff's claim.

The effective date provision of Section 4 of the Reform Act provides:

(c) The amendments made by this section shall apply with respect to determinations made on or after the first day of the first month beginning after 30 days after the date of the enactment of this Act.

The Reform Act was enacted on October 9, 1984. Section 4 therefore applies to all "determinations" made on or after December 1, 1984. The ALJ's decision was made on May 25, 1984.

This Court has concluded that Section 4 should be applied by the Court in its "determinations" on review of decisions of the Secretary which were made before the effective date of the Act, based on the statute's broad language, on *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct.

2006, 40 L.Ed.2d 476 (1974), and on the fact that no manifest injustice would result. *Boisvert v. Secretary of Health and Human Services,* No. 84–0292–P (D.Me. Dec. 14, 1984). Consistent with that conclusion, this Court has also decided that it is appropriate to remand to the Secretary cases decided under the former multiple impairment standard. *Id.* In *Boisvert,* as here, the Court was faced with "the option of attempting to apply the new standard to a factual record that was developed with reference to an entirely different standard, or remanding to permit the Secretary to take additional evidence and perform her statutorily-designated factfinding role." *Id.,* slip op. at 4. The Court determined that a remand was necessary, and this conclusion is equally applicable here.

Accordingly, it is ORDERED that the decision of the Secretary of Health and Human Services is VACATED, and that this case is REMANDED to the Secretary for application of Section 4 of the Social Security and Disability Benefits Reform Act of 1984.

So ORDERED.